UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBIN GUTHRIE BROWN AND<br>MICHELLE GUTHRIE BROWN | CIVIL ACTION |
| VERSUS | NO. 16-16289 |
| AMERICAN MODERN HOME<br>INSURANCE COMPANY, ET AL. | SECTION "S" (1) |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that American Modern Home Insurance Company's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #46) is **GRANTED**, and plaintiffs' claims against American Modern Home Insurance Company are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that American Security Insurance Company's Motion to Dismiss (Doc. #48) is **GRANTED**, and plaintiffs' claims against American Security Insurance Company are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Ocwen Loan Servicing, LLC's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim on which Relief Can be Granted (Doc. #47) is **GRANTED**, and plaintiffs' claims against Ocwen Loan Servicing, LLC are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiffs are granted leave to file an amended complaint within 15 days of the date of this order to allege claims against American Modern Home Insurance Company and Ocwen Loan Servicing, LLC as specified herein. Judgment will be entered in defendants' favor if an amended complaint complying with this order is not filed within 15 days of the date of this order.

**BACKGROUND**

This matter is before the court on a motions to dismiss filed by defendants, Ocwen Loan Servicing, LLC, American Security Insurance Company and American Modern Home Insurance Company. Defendants argue that this suit should be dismissed because plaintiffs, Robin Guthrie Brown and Michelle Guthrie Brown, do not have standing to pursue claims against defendants as plaintiffs are not third-party beneficiaries under the homeowners' insurance policies that their mortgagee, Ocwen, procured for the property after plaintiffs failed to supply satisfactory proof of insurance.

Plaintiffs own a home in Belle Chasse, Louisiana. Ocwen holds the mortgage on the property. Because plaintiffs did not provide sufficient proof of insurance, Ocwen obtained forced-placed homeowners' insurance policies on the property to protect its interest. American Security underwrote a policy with effective dates of August 23, 2014, to August 23, 2015, which stated that Ocwen was the insured and plaintiffs were the "Borrowers." American Modern underwrote a policy with effective dates of January 1, 2015, to January 1, 2016, which stated that Ocwen was the insured.

On May 19, 2015, lightning hit plaintiffs' home and caused damage. Robin Guthrie Brown notified Ocwen and American Security and made an insurance claim. American Security inspected the damages and paid $31,615.55, listing Ocwen and plaintiffs as payees on the check.

On July 29, 2015, lightning struck the home again, causing more damage. Robin Guthrie Brown notified Ocwen and American Security. American Security found that there was no additional damage.

On March 7, 2016, plaintiffs' home experienced a power surge, which caused damage to various electrical systems and appliances. Robin Guthrie Brown notified Ocwen and American

Modern. American Modern found that there was no coverage for the claimed damage and that there was no additional damage other than that caused by the previous lightning strikes.

On November 10, 2016, plaintiffs filed this action against American Security, American Modern and Ocwen. Defendants filed motions to dismiss. Plaintiffs responded by filing a superseding amended complaint. In the amended complaint, plaintiffs allege that they are beneficiaries of the insurance policies because they are listed as "borrowers" in the policies and paid the insurance premiums through Ocwen. Plaintiffs claim that they must be beneficiaries of the American Security insurance policy because they were listed as payees on the $31,615.55 insurance proceeds check. Plaintiffs also cite provisions of the American Modern policy that impose duties and obligations on them as evidence that they are beneficiaries of that insurance policy.[1] Plaintiffs allege that American Security and American Modern breached the insurance contracts by failing to properly pay and are liable for penalties and attorneys' fees under Louisiana Revised Statutes §§ 22:1892 and 22:1973. Plaintiffs allege that Ocwen is liable for detrimental reliance because they relied on Ocwen to acquire insurance on their behalf in the event that their homeowners' insurance lapsed, and that Ocwen has refused to make claims on the policies. Plaintiffs also seek to have Ocwen joined as an involuntary plaintiff to this action against the insurance companies.

American Security and American Modern filed motions to dismiss the amended complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The insurers argue that plaintiffs' claims should be dismissed pursuant to Rule 12(b)(1) due to lack of standing because plaintiffs are not named insured, additional insured, or third-party beneficiaries under the insurance

---

[1] The amended complaint states that "[t]he insurance policies impose[] duties and obligations on plaintiffs," and cites provisions of the American Modern policy titled "Inspection and Audit", "Concealment and Fraud", "You and the Mortgagor's Duties After Loss", "Subrogation", "Suit Against Us", and "Your Interest." The American Security policy contains similar provisions.

3

policies. American Security and American Modern also argue that plaintiffs' claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim because they have not properly alleged, and cannot demonstrate, that they are third-party beneficiaries under the insurance policies. Ocwen argues that plaintiffs do not have a claim against it for detrimental reliance and it is not an indispensable party to this litigation. Further, Ocwen argues that if it were added as an involuntary plaintiff, this court would lack diversity subject matter jurisdiction over this matter because both Ocwen and American Security are citizens of Delaware.

## ANALYSIS

**I.     American Modern's and American Security's Motions to Dismiss (Docs. # 46 & 48)**

    **A.     Rule 12(b)(1) of the Federal Rules of Civil Procedure**

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Constitutional standing is an element of subject matter jurisdiction that may be challenged under Rule 12(b)(1). See Moore v. Bryant, 853 F.3d 245, 248 (5th Cir. 2017). A district court may dismiss a matter pursuant to Rule 12(b)(1) "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. (quotation omitted). In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Ramming, 281 F.3d at 161.

Under Article III of the Constitution of the United States, a litigant must have "'standing' to invoke the power of the federal court." Allen v. Wright, 104 S.Ct. 3315, 3324 (1984). "'In essence the question of standing is whether the litigant is entitled to have the court decide the

merits of the dispute or of a particular issue.'" Id. (quoting Warth v. Seldin, 95 S.Ct. 2197, 2205 (1975)). The party seeking to have claims redressed by the federal court must establish the elements of standing for each claim that he seeks to press. Lujan v. Defenders of Wildlife, 112 S.Ct. 2130, 2136 (1992); DaimlerChrysler Corp. v. Cuno, 126 S.Ct. 1854, 1867 (2006). Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and the claim must be dismissed. U.S. Const. art. 3, § 2, cl. 1.

Standing has constitutional and prudential requirements. Standing, at its "irreducible constitutional minimum," requires a plaintiff to demonstrate that: (1) he has suffered an "injury-in-fact"; (2) the injury is fairly traceable to the defendant's actions; and (3) that the injury will likely be redressed by a favorable decision. Lujan, 112 S.Ct. at 2136. An "injury-in-fact" is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Webb v. City of Dall., Tex., 314 F.3d 787, 791 (5th Cir. 2002).

In Cotton v. Certain Underwriters at Lloyd's of London, 831 F.3d 592, 593 (5th Cir. 2016), the plaintiffs' mortgagee, First American Bank and Trust, obtained forced-placed flood insurance on plaintiffs' properties from Certain Underwriters at Lloyd's of London ("Lloyd's"). Plaintiffs' properties sustained flood damages during Hurricane Isaac. Id. First American made a claim under the Lloyd's policy, and Lloyd's paid for some damages. Id. Plaintiffs sued Lloyd's for additional flood insurance payments. Id. The United States Court of Appeals for the Fifth Circuit found that, although plaintiffs were not named or additional insureds or third-party beneficiaries of the insurance policies, they had Article III standing to bring a claim against Lloyd's because the requirements of constitutional standing are satisfied in that they were harmed by Lloyd's paying

5

an insufficient amount on the flood insurance claim and they would indirectly benefit from a ruling against Lloyd's. Id. at 595.

The court explained that there is a difference between Article III standing and "standing" that "describe[s] whether a party has a right to sue under a contract." Id. at 594-95. The second type of "standing" "is really an issue of 'contract interpretation' that goes to the merits of a claim." Id. at 594 (citing Perry v. Thomas, 107 S.Ct. 2520, 2527 (1987)). The court further recognized that in Williams v. Certain Underwriters at Lloyd's of London, 398 Fed. Appx. 44, 47 (5th Cir. 2010), it found that the plaintiffs did not have Article III standing to sue Lloyd's on a force placed insurance policy when they were not named or additional insured or third-party beneficiaries of the policy. Id. at 595. However, the court reasoned that Williams did not control because it was "nonprecedential" and

> predated a more recent Supreme Court case that reiterated that "the question whether a plaintiff states a claim for relief 'goes to the merits' in the typical case, not the justiciability of a dispute, and conflation of the two concepts can cause confusion." See Bond v. United States, 564 U.S. 211, 219, 131 S.Ct. 2355, 180 L.Ed.2d 269 (2011) (citation omitted). Contrary to that clarification, Williams based its "no standing" holding on a Louisiana case that treated the issue as one of failure to state a claim. See 398 Fed. Appx. at 47 (citing Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary, 939 So.2d 1206, 1215 (La. 2006) (finding that the alleged breach of a contract between a hospital and a medical corporation did not create a cause of action in favor of individual doctors affiliated with the medical corporation because the contract did not create a stipulation *pour autrui* in favor of the doctors)).

Id.

Considering Cotton, regardless of whether plaintiffs are additional or named insureds or third-party beneficiaries under the American Security or American Modern insurance policies, they have Article III standing to state claims against the insurers because they were allegedly

6

harmed by underpayment of insurance proceeds and they would indirectly benefit from judgment against the insurers. The issue of whether plaintiffs have "standing" in the sense of a right to sue under the contract is better analyzed as whether they have stated a claim under Rule 12(b)(6).

### B. Rule 12(b)(6) of the Federal Rules of Civil Procedure

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50.

In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). However, the district court "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014).

7

## C. Stipulation *Pour Autrui*

To state a claim under an insurance policy, the plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of the policy. Williams, 398 Fed. Appx. at 47 (citing Joseph, 939 So.2d at 1211; La. Civ. Code art. 1978). It is undisputed plaintiffs are neither named insured nor additional insured under the policies. Rather, plaintiffs claim that they are third-party beneficiaries.

A contract for the benefit of a third party is referred to in Louisiana law as a stipulation *pour autrui*. Joseph, 939 So.2d at 1212. A stipulation *pour autrui* is never presumed; the party claiming the benefit bears the burden of proof. Id. In Joseph, the Supreme Court of Louisiana articulated a three-part test to determine if a contract contains a stipulation *pour autrui,* and thereby confers rights in favor of a third party: (1) the contract must manifest a clear intention to benefit the third party; (2) there must be certainty as to the benefit provided to the third party; and (3) the benefit must not be merely an incident of the contract between the parties. Id. at 1212-13.

The insurance policies at issue are "force-placed" homeowners' insurance policies that Ocwen procured from American Security and American Modern to protect its interest in plaintiffs' property. As explained by the United States Court of Appeals for the Fifth Circuit, a "force-place" policy "insurers the lender's collateral when the borrower fails to maintain a specific type of insurance. A force-placed policy allows the lender to protect its exposure on a property up to the amount of the mortgage on the date of issuance." Williams, 398 Fed. Appx. at 46. Although the borrower typically pays the insurance premium through its mortgage lender, the insurance policy is for the benefit of the mortgagee.

Plaintiffs allege that they are third-party beneficiaries of the insurance policies because they are listed as "borrowers" in the policies and paid the insurance premiums through Ocwen. In

Kilson v. Am. Road Ins. Co., 345 So.2d 967, 969 (La. Ct. App. 1977), the court held that the fact that the borrower paid the premium through its lender did not create a legal relationship between the borrower plaintiff and the insurer defendant. Indeed, the payment did not result in the contract clearly manifesting an intent to provide a certain benefit to the borrow plaintiff that was more than merely incidental to the contract between the insurer and the mortgagee.

Plaintiffs also allege that they are third-party beneficiaries because the insurance policies placed duties on them. However, those duties do not transform plaintiffs into named or additional insureds or third-party beneficiaries of the insurance policies. The obligations placed on plaintiffs do not manifest a clear intention to provide a certain benefit to plaintiffs that is more than incidental to the contract between the insurers and Ocwen. See Graphia v. Balboa Ins. Co., 517 F.Supp.2d 857, 858 (E.D. La. 2007) (Vance, J.) (citing Joseph, 939 So.2d at 1214 (finding that although a contract between a medical corporation and a hospital placed certain obligations on doctors, "there was no benefit provided in the contract directly to the doctors that they could demand" that would create a stipulation *pour autrui*).

Because plaintiffs' payment of the insurance premiums through Ocwen and the policies' placing duties on plaintiffs did not create a stipulation *pour autrui*, the court must examine the loss payment terms of the insurance policies to determine whether the policies manifest a clear intent to provide a certain benefit to plaintiffs that is not merely incidental to the contract between Ocwen and the insurers.

1.  **American Modern Policy**

The American Modern policy states that Ocwen is the named insured, and defines "you" and "your" as referring to Ocwen. The "Loss Payable" clause of the American Modern policy states:

> We will adjust any loss with you and the mortgagor. We will pay you to the extent of your interest in the property. You hereby direct that any benefits due which are in excess of your interest in the property be paid to the mortgagor. . .

This court considered nearly identical language in another American Modern force-placed insurance policy. See D'Juve v. Am. Modern Home Ins. Co., 2015 WL 1650259 (E.D. La. April 14, 2015) (Lemmon, J.). In that case, the plaintiff alleged that she was a third-party beneficiary under the policy because "the policy stipulate[d] a manifestly clear intent to provide [her] any benefits in excess of [the mortgagee's] interest in [her] property." American Modern moved for summary judgment and presented evidence that the amount plaintiff owed on the mortgage exceeded the policy limits, thus there was no possible benefit in excess of the mortgagee's interest that could be due to plaintiff. This court granted the motion for summary judgment finding that plaintiff was not a third-party beneficiary of the American Modern policy with respect to her claimed losses because there was no excess over the mortgagee's interest.

In this case, the plaintiffs' original mortgage amount was $680,000. The American Modern policy limit of liability for the dwelling was $1,021,715. The benefit to plaintiffs is triggered when the loss payment exceeds Ocwen's interest in the property. American Modern argues that the allegations in plaintiffs' complaint are insufficient to establish that the stipulation *pour autrui* existed because plaintiffs do not provide any information demonstrating that the loss associated with the power surge exceeds the current mortgage balance. Indeed, American Modern contends

that the loss associated with a power surge is likely far less than even the original mortgage balance of $680,000.

Plaintiffs' complaint alleges that they were third-party beneficiaries of the American Modern insurance policy, but does not allege facts sufficient to establish that status because there is no information regarding the amount of insurance claim against American Modern or plaintiffs' mortgage balance. Without allegations demonstrating that the condition requiring American Modern to pay plaintiffs was triggered, i.e. that the amount of the loss exceeds the mortgage balance, plaintiffs' complaint does not sufficiently allege that there was a stipulation *pour autrui*, and plaintiffs have not stated a claim against American Modern for breaching the insurance contract. Therefore, American Modern's motion to dismiss is GRANTED, and plaintiffs' claims against it are DISMISSED WITHOUT PREJUDICE.[2] Plaintiffs are granted leave to file an amended complaint within 15 days of the date of this order to state a claim against American Modern if plaintiffs can allege specific facts demonstrating that the amount of the insurance claim against American Modern exceeds plaintiffs' current mortgage balance.

### 2. American Security Policy

The American Security policy is different from the American Modern policy. It does not have a similar loss payee clause that would require payment to plaintiffs' of insurance proceeds in excess of their mortgage balance. The "Loss Payment" clause provides:

---

[2] Because plaintiffs have not stated a breach of contract claim against American Modern, they cannot maintain bad faith claims against American Modern under La. Rev. Stat. §§ 22:1973 and 22:1892. Bradley v. Allstate Ins. Co., 620 F.3d 509, 529 (5th Cir. 2010) (A plaintiff must "have a valid, underlying, substantive claim upon which insurance coverage is based" to bring a claim for bad faith under Rev. Stat. §§ 22:1973 and 22:1892).

      a. [American Security] will initiate loss adjustment of a claim with [Ocwen]"

                      \*      \*      \*

      b. [American Security] will make written offer to [Ocwen] to settle a claim within 30 days after receipt of satisfactory proof of loss of that claim.

      c. Loss will be made payable to [Ocwen]. No coverage will be available to any mortgagee other than that shown as the names insured on the Declarations.[3] The undisputed portion of the loss will be payable with 30 days after [American Security] receive[s] [Ocwen's] proof of loss.

There is no mention of plaintiffs' insurable interest or provision for payment to plaintiffs. Thus, there is no manifestly clear intention for the American Security policy to provide a benefit to plaintiffs that would be sufficient to create a stipulation *pour autrui*, and plaintiffs cannot sue American Security for breaching the insurance contract. American Secuirty's motion to dismiss is GRANTED, and plaintiffs' claims against it are DISMISSED WITH PREJUDICE.[4]

## II. Ocwen's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #47)[5]

### A. Detrimental Reliance

Ocwen argues that plaintiffs do not have a claim against it for detrimental reliance because Ocwen never promised to obtain homeowners' insurance to benefit plaintiffs.

---

[3] Ocwen is the only party listed as a named insured on the Declarations.

[4] Because plaintiffs have not stated a breach of contract claim against American Security, they cannot maintain bad faith claims against American Security under La. Rev. Stat. §§ 22:1973 and 22:1892. Bradley v. Allstate Ins. Co., 620 F.3d 509, 529 (5th Cir. 2010) (A plaintiff must "have a valid, underlying, substantive claim upon which insurance coverage is based" to bring a claim for bad faith under Rev. Stat. §§ 22:1973 and 22:1892).

[5] The legal standard for motions made under Rule 12(b)(6) of the Federal Rules of Civil Procedure was recited in section I(B) above, and applies to Ocwen's motion.

The doctrine of detrimental reliance is provided in Louisiana Civil Code article 1967, which states:

> Cause is the reason why a party obligates himself. A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

There are three elements required for the application of the doctrine of detrimental reliance: (1) a representation by conduct or word; (2) justifiable reliance thereon; and (3) a change of position to one's detriment because of the reliance. Morris v. Friedman, 663 So.2d 19, 25 (La. 1995). "[T]he basis of detrimental reliance is 'the idea that a person should not harm another person by making promises that he will not keep.'" Suire v. Lafayette City-Parish Consol. Gov't, 907 So.2d 37, 59 (La. 2005). "Thus, the focus of analysis of a detrimental reliance claim is . . . whether a representation was made in such a manner that the promisor should have expected the promisee to rely upon it, and whether the promisee so relies to his detriment." Id. It is not necessary for a plaintiff to establish the existence of an enforceable contract to recover for detrimental reliance. Rogers v. Brooks, 122 Fed. Appx. 729, 732 (5th Cir. 2004) (citing Newport Ltd. v Sears, Roebuck & Co., 6 F.3d 1058, 1069 (5th Cir. 1993)).

Uniform Covenant number 5 of plaintiffs' mortgage contract with Ocwen states, in pertinent part:

> Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance . . .

\* \* \*

> If Borrower fails to maintain any of the coverages described above, Lender *may* obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under *no obligation* to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard, or liability and might provide greater or lesser coverage than was previously in effect.

(emphasis added). This language clearly states that Ocwen did not promise to obtain homeowners' insurance to benefit plaintiffs. Instead, it states that Ocwen may obtain insurance to protect its own interest that may or may not cover plaintiffs' interest. Because Ocwen did not promise to obtain homeowners'' insurance to protect plaintiffs, plaintiffs cannot maintain a claim against Ocwen for detrimental reliance. Ocwen's motion to dismiss plaintiffs' determimental reliance claim is GRANTED, and that claim is DISMISSED WITHOUT PREJUDICE. Plaintiffs are granted leave to file an amended complaint within 15 days of the date of this order to state a claim for detrimental reliance against Ocwen if plaintiffs' can specifically allege a promise by Ocwen to obtain insurance on plaintiffs' behalf that altered the mortgage contract.

**B.     Rule 19 of the Federal Rules of Civil Procedure**

Plaintiffs seek to have Ocwen added as an involuntary plaintiff under Rule 19 of the Federal Rules of Civil Procedure.

Rule 19(a) provides, as to persons required to be joined if feasible:

> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> (2) *Joinder by Court Order.* If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
>
> (3) *Venue.* If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

Fed. R. Civ. P. 19.

Because this court has found that plaintiffs have not stated any claims against American Modern and American Security, there is no action to which Ocwen can be joined as an involuntary plaintiff. Plaintiffs' attempt to join Ocwen as an involuntary plaintiff under Rule 19 will be addressed if plaintiffs raise the issue in an amended complaint that states a valid claim against American Modern.

## CONCLUSION

**IT IS HEREBY ORDERED** that American Modern Home Insurance Company's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #46) is **GRANTED**, and plaintiffs' claims against American Modern Home Insurance Company are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that American Security Insurance Company's Motion to Dismiss (Doc. #48) is **GRANTED**, and plaintiffs' claims against American Security Insurance Company are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Ocwen Loan Servicing, LLC's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim on which Relief Can be Granted (Doc. #47) is **GRANTED**, and plaintiffs' claims against Ocwen Loan Servicing, LLC are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiffs are granted leave to file an amended complaint within 15 days of the date of this order to allege claims against American Modern Home Insurance Company and Ocwen Loan Servicing, LLC as specified herein. Judgment will be entered in defendants' favor if an amended complaint complying with this order is not filed within 15 days of the date of this order.

New Orleans, Louisiana, this   24th day of May, 2017.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**