UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBIN GUTHRIE BROWN AND MICHELLE GUTHRIE BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-16289** |
| **AMERICAN MODERN HOME INSURANCE COMPANY, ET AL.** | **SECTION "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that American Modern Home Insurance Company's Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. #65) is **GRANTED**, and plaintiffs' claims against American Modern Home Insurance Company are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Ocwen Loan Servicing, LLC's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Second Amended Complaint for Failure to State a Claim on which Relief Can Be Granted (Doc. #66) is **GRANTED**, and plaintiffs' claims against Ocwen Loan Servicing, LLC are **DISMISSED WITH PREJUDICE.**

This matter is before the court on motions to dismiss filed by defendants, American Modern Home Insurance Company and Ocwen Loan Servicing, LLC. Defendants argue that plaintiffs' complaint should be dismissed because it does not comply with this Court's May 25, 2017, Order and Reasons.

Plaintiffs, Robin Guthrie Brown and Michelle Guthrie Brown, own a home in Belle Chasse, Louisiana. Ocwen holds the mortgage on the property. Because plaintiffs did not provide sufficient proof of insurance, Ocwen obtained forced-placed homeowners' insurance policies on the property to protect its interest. American Security underwrote a policy with effective dates of

August 23, 2014, to August 23, 2015. American Modern underwrote a policy with effective dates of January 1, 2015, to January 1, 2016, which stated that Ocwen was the insured.

In 2015 and 2016, plaintiffs' home was struck by lightning on two separate occasions and experienced a power surge on a later date. Plaintiffs notified Ocwen and the insurance companies about the events, and later filed this lawsuit seeking to recover amounts that they claim were not paid for the damages. Plaintiffs claim that they are third-party beneficiaries under the insurance contracts. Plaintiffs also claim that Ocwen is an indispensable party and is liable for detrimental reliance.

Defendants moved to dismiss plaintiffs' claims arguing that plaintiffs' failed to state claims upon which relief can be granted. After examining the insurance policies and the applicable law, this court granted defendants' motions. Specifically, the court found that under the applicable jurisprudence and language of the insurance policy, plaintiffs were not third-party beneficiaries under the American Security policy, and dismissed plaintiffs' claims against American Security with prejudice. As to American Modern, the court found that the language of the insurance policy contemplated that plaintiffs could be third-party beneficiaries under the contract if the covered loss to the property exceeds the current balance of their mortgage. However, plaintiffs did not plead the pertinent facts pertaining to their supposed status as third-party beneficiaries. Thus, this court granted American Modern's motion to dismiss and dismissed plaintiffs' claims against American Modern without prejudice granting plaintiffs leave to amend their complaint within 15 days of the date of the order "if plaintiffs can allege specific facts demonstrating that the amount of the insurance claim against American Modern exceeds plaintiffs' current mortgage balance."

The court also granted Ocwen's motion to dismiss, and dismissed plaintiffs' detrimental reliance claim against it without prejudice.[1] The court found that plaintiffs did not allege a detrimental reliance claim against Ocwen because the mortgage clearly states that Ocwen did not promise to obtain homeowners' insurance to benefit plaintiffs. Instead, it states that Ocwen may obtain insurance to protect its own interest that may or may not cover plaintiffs' interest. Thus, the court granted plaintiffs leave to amend their complaint within 15 days of the date of the order to state a claim for detrimental reliance against Ocwen if plaintiffs' could specifically allege a promise by Ocwen to obtain insurance on plaintiffs' behalf that altered the mortgage contract.

Plaintiffs filed their second amended complaint on June 9, 2017. However, the complaint does not comply with this court's May 25, 2017, Order and Reasons. First, plaintiffs did not state a third-party beneficiary claim against American Modern because they did not allege the current amount of their mortgage balance, but instead stated the original amount of their mortgage. Second, plaintiffs did not allege a detrimental reliance claim against Ocwen because they did not specifically allege a promise by Ocwen to obtain insurance on plaintiffs' behalf that altered the mortgage contract. Further, because plaintiffs did not state a valid claim against American Modern, there is no action to which Ocwen can be joined as an involuntary plaintiff.

Relying on a law review article that pre-dates the Supreme Court of Louisiana's decision in Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary, 939 So.2d 1206, 1215 (La. 2006), regarding the test for a stipulation *pour autrui*, plaintiffs argue that the jurisprudence on third-party beneficiary contracts is incorrect and that this court should part from it. Plaintiffs have not

---

[1] Plaintiffs also argued that Ocwen is an indispensable party to its actions against the insurers. The court found that, because plaintiffs did not stated any claims against American Modern and American Security, there was no action to which Ocwen could be joined as an involuntary plaintiff, and plaintiffs' attempt to join Ocwen as an involuntary plaintiff under Rule 19 would be addressed if plaintiffs raise the issue in an amended complaint that states a valid claim against American Modern.

provided any authority for such a position.  Further, this court's May 25, 2017, Order and Reasons states that '[j]udgment will be entered in defendants' favor if an amended complaint complying with this order is not filed within 15 days of the date of this order."  Because plaintiffs failed to comply with the order, defendants' motions to dismiss are **GRANTED,** and plaintiffs' claims against them are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 26th day of July, 2017.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**